### SIMIS *v.* MCELROY.

*(Supreme Court, General Term, First Department.   April 17, 1891.)*

RECORD ON APPEAL—FINDINGS OF TRIAL COURT.

A paper purporting to be a finding of the justice upon a trial at circuit without a jury, entitled "In the supreme court," but unsigned by the justice, made up with the record of the case upon appeal, is not such a decision in writing of the case as is required by Code Civil Proc. N. Y. § 1010, in cases of appeal from a decision of the court upon a trial without a jury.

Appeal from circuit court, New York county.

Action by Mary O. Simis against Daniel S. McElroy. There was a judgment for the plaintiff, and the defendant appeals. The case was tried by the court without a jury. There was no decision in writing, signed by the judge, filed with the papers on appeal. Code Civil Proc. N. Y. § 1010, provides that, "upon a trial by the court of an issue of fact or of law, its decision, in writ-

v.14N.Y.s.no.2—16

ing, must be filed in the clerk's office within twenty days after the final adjournment of the term where the issue was tried."

Argued before VAN BRUNT, P. J., and DANIELS and LAWRENCE, JJ.

*Daniel Daly,* for appellant. *Woodward & Buckley, (Sidney S. Harris,* of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought to recover the purchase price remaining unpaid upon a contract for the purchase of real estate; the complaint alleging compliance by the plaintiff with her contract, by the tender of the deed which was called for by the said contract. The defendant in his answer admitted the contract, and payment of $250, on account of the purchase price therein named, and denied each and every other allegation of the complaint; and, for a further answer, that the plaintiff could not give a good title to the whole of the premises; that he had spent $250 in examining the title, and suffered other damage; and demanded a judgment against the plaintiff for these damages. The plaintiff, replying to this affirmative defense, set up what was substantially a general denial. It seems to have been assumed by the parties that the issues thus raised should be tried at a circuit court held in and for this county, before a jury, in which they were probably correct; but whether such issues were ever actually tried we cannot determine, as no findings signed by the justice, whom it is alleged tried the cause, are contained in the record. There is a paper called a "decision," which is, however, unsigned by anybody, and which is entitled "In the supreme court," and according to which it is asserted that the action was tried in the circuit court before a judge without a jury. If the action was tried in the circuit court, it could only be as a common-law action, and the only conclusion of law proper to be made would be to the same purpose as a verdict of a jury, had the case been tried before a jury, viz., that the plaintiff was entitled to recover from the defendant a sum certain, or that the defendant was entitled to recover from the plaintiff a certain sum, or that the defendant was entitled to judgment dismissing the complaint upon the merits. Instead thereof we find conclusions of law giving a judgment equitable in its nature, and which a circuit court had no power to make, having no equitable jurisdiction, except so far as such jurisdiction may be necessary for the trial of equitable defenses to common-law actions. The *postea* follows these conclusions. This practice is irregular, and we cannot allow it to pass unnoticed. We cannot, however, consider this appeal upon the present papers, because the record contains no evidence that the justice before whom the case purports to have been tried has ever signed any decision, as required by the Code. The cause must be stricken from the calendar, in order that the parties may present a proper case. If the parties will have the record corrected, they may resubmit the case, even after the adjournment of the court, by handing the papers to the clerk. All concur.