Argued December 15, 1927, modified February 7, 1928.

## IN RE ADJUDICATION OF THE WATERS OF ROGUE RIVER.

## A. S. KLEINHAMMER *v.* E. J. CAMERON ET AL.

(263 Pac. 882.)

Waters and Watercourses—Two Claimants Held Entitled to Awards of Water Priorities as of 1854 and 1858, and Remaining Claimants as of September 1, 1857.

1. Evidence *held* to require award of priorities as of 1854 and 1858 to two claimants of rights to use waters of Little Applegate River, and concurrent priorities, as of September 1, 1857, to remaining claimants.

Waters and Watercourses—Whether Water Claimant's Predecessor Irrigated Other Land About 1854, Three Years Before Claimant's Priority Date, Held Immaterial on Issue of Other Claimants' Priorities.

2. Whether predecessor of claimant, awarded priority of water rights as of September 1, 1857, was irrigating other land about 1854, *held* immaterial on issue whether rights of other claimants, awarded same date of priority, were initiated at same time as right of one awarded priority as of 1854, where such predecessor soon after irrigated his successor's land; formal application for change of place of use being unnecessary at that time.

**Waters and Watercourses—All Matters Pertaining to Adjudication of Water Rights Under Stream System on Appeal Should be Presented at Same Time.**

3. To preserve uniformity, all matters pertaining to adjudication of the water rights under a stream system on appeal should be presented at the same time as one case.

Waters, 40 Cyc., p. 734, n. 31, 32, p. 737, n. 67 New.

From Jackson: F. M. Calkins, Judge.

Department 2.

MODIFIED.

For appellant A. S. Kleinhammer, there was a brief over the names of *Mr. H. K. Hanna* and *Messrs. Briggs & Briggs,* with an oral argument by *Mr. E. D. Briggs.*

For John H. Devlin and Mary Cantrall, successors to John Devlin, Maggie Buckley, James Buckley, successors to Wm. Cameron, Lincoln Gray, successor to George Wolf, H. H. Taylor, respondents, there was a brief over the name of *Messrs. Newbury & Newbury,* with an oral argument by *Mr. Gus Newbury.*

For E. J. Cameron, respondent, there was a brief and oral argument by *Mr. A. E. Reames.*

BEAN, J.—This appeal involves the relative rights of the appellant and respondents to the use of the waters of Little Applegate River, a tributary of Rogue River.

It is stipulated by A. S. Kleinhammer and E. J. Cameron by their respective counsel that whatever modification shall be made upon this appeal as to the rights of said Kleinhammer that they shall be decreed in this court to be subject to the rights of said Cameron through her said Davidson Ditch, as the same

was decreed by this court about March 23, 1926, under the title of *Cameron* v. *Buckley* and the opinion reported in 117 Or. 477 (244 Pac. 662), and as decreed in the court below based upon the mandate in said cause. That any decree that shall be entered herein shall make the rights of appellant Kleinhammer subject to the rights of said E. J. Cameron as defined in said decree in *Cameron* v. *Buckley, supra.* This stipulation is approved and it is ordered as stipulated therein.

## CLAIM OF A. S. KLEINHAMMER.

Considering the claim of A. S. Kleinhammer, involving what is known as the Gin Lin Upper and Lower Phillip's Ditches, taken out of the Little Applegate River, there was filed before the then board of control of the State of Oregon, water division No. 1, in the adjudication above mentioned, a statement and proof of claimant No. 932, for water from the Little Applegate River for irrigation and watering livestock, giving the date of the initiation of the water right by diversion and use as 1866 through a ditch known as the Gin Lin Ditch, formerly known as Duncan Ditch, for 88 acres of land.

A. S. Kleinhammer also filed statement and proof of claim No. 933, to the water from the same stream, stating the date of initiation to such water right and claiming a date of relative priority of 1854 through a ditch known as the Upper Phillip's Ditch for the irrigation of 81 acres of land.

A. S. Kleinhammer also filed a statement and proof of claim No. 934 for water from the same stream for irrigation and livestock, giving the date of initiation of the water right and the completion of the ditch and claiming a date of relative priority of 1854 for 13 acres, all of said lands being hereinafter described.

A. S. Kleinhammer also filed with his statement and proof of claim a copy of the decree of the Circuit Court of the State of Oregon for Jackson County, in the case of *Andrew Cantrall and A. S. Kleinhammer, Plaintiff,* v. *The Sterling Min. Company, a Corporation, Defendant,* dated January 29, 1910, relating to the water rights now claimed by A. S. Kleinhammer, which will be hereafter referred to.  No contest as to the statements and proof of claim Nos. 933 and 934 of A. S. Kleinhammer was filed as to his right to a date of priority of 1854 to the use of the water from Little Applegate through the Upper Phillip's Ditch and the Lower Phillip's Ditch.  There was a contest involving the water rights through the Gin Lin Ditch.

The state water board made the following award of water for the lands of A. S. Kleinhammer:

| Name and P. O. Address of Appropriator. | Date of Rel. Priority. | Amt. Cu. Ft. per Second. | No. Acres. | Use. | Name of Ditch. |
|---|---|---|---|---|---|
| A. S. Kleinhammer Buncom, Oregon | 1866 | 2.49 | 99½ | Irrig. domestic and | Gin Lin Upper and Lower |
| (Proof 932, Vol. 13) | 1898 | 0.55 | 22 | stock | Phillips |

The Circuit Court, in its final decree upon a hearing of the findings of fact and order of determination of the state water board and the exceptions thereto, confirmed the findings of the water board as to the claim of A. S. Kleinhammer to the use of the water from Little Applegate River for his lands.  The Circuit Court, based upon the decree in the case of *Cantrall* v. *Sterling Min. Co.,* 61 Or. 516 (122 Pac. 42), found as follows:

"That as between A. S. Kleinhammer and the Sterling Min. Co., said A. S. Kleinhammer is entitled for irrigation purposes, to be diverted through said

Upper and Lower Phillips ditches, to the amount of 500 inches (or 12½ second feet) of the waters of said Little Applegate Creek for one week at a time if they shall demand it, for five weeks between the first day of July and the first day of October of each year; and said Sterling Mining Company, or their successors in interest in the ownership of said Sterling ditch or water rights connected therewith, shall furnish to said A. S. Kleinhammer, or his successors in interest, on three days' notice, for the irrigation of lands under and for use through said Phillips ditches, 500 miner's inches of water (or 12½ second feet) and shall allow said quantity to flow past the headgate or headgates of said company down the channel of said creek at any time as demanded during July, August, and September, of each year not exceeding one week at a time and not exceeding five weeks in all during those three months.''

From this decree A. S. Kleinhammer appealed, assigning error of the court in decreeing as recited above, and error of the court in not finding and decreeing that A. S. Kleinhammer was entitled to use water through the Upper Phillip's Ditch and the Lower Phillip's Ditch with a priority as of 1854, but subsequent to the right of E. J. Cameron through the Davidson Ditch and prior to the rights of the users of the Farmers' Ditch of sufficient water for the irrigation of 81 acres, described in his proof of claim No. 933, and his 13 acres described in his proof of claim No. 934, and that such rights are prior to any of the rights of the respondents Maggie Buckley, Wm. Cameron and the estate of John Devlin and Miles Cantrall.

But few witnesses could be obtained at the time of taking the testimony who were acquainted with premises involved when the earlier irrigation was had thereon.

Theodore Cameron, a man about 83 years of age, was a witness. He had lived in the vicinity since 1854 and had known of the E. J. Cameron land since then. He testified to the effect that "Doc" Davidson, predecessor in interest in the E. J. Cameron land, made the first Donation Land Claim in the valley and built a ditch known as the Davidson Ditch, from the Little Applegate, and irrigated a garden of six or seven acres in 1854; that the Farmers' Ditch was dug two or three years after the Davidson Ditch. After a time the heads of the Davidson and Farmers' Ditch were "mined out" and the two ditches were reconstructed and combined. And afterward the E. J. Cameron lands were irrigated with water from the Farmers' Ditch until the present time.

Mr. Theodore Cameron was a merchant and lived at Sterling for several years following 1854 and frequently passed up and down the river past the Samuel Phillips' place at the junction of Sterling Creek and Little Applegate. Mr. Cameron was asked:

"Q. Was there any other land on Little Applegate in 1854 irrigated except that piece of ground? A. It is possible. Samuel Phillips lived right at the mouth of the Little Applegate (meaning Sterling Creek) there and he always raised a garden.

"Q. Samuel Phillips' place belonged to Sterling Mining Company? A. Yes, sir.

"Q. That is now the place of Art Kleinhammer? A. I never knew of him living on any place but there."

It appeared from Mr. Cameron's testimony that he testified in the case of *Cantrall* v. *Sterling Min. Co.* that the Upper and Lower Phillips Ditches were used "by Mr. Phillips in 1854 or 1855 for irrigation of those premises." Mr. Cameron further testified as follows:

"But any use Sam Phillips made for irrigation in those early days he made on the Sam Phillips' place there at the mouth of Sterling creek? A. That is where he made them and had the trouble."

Mr. Samuel Phillips was a predecessor in interest in the premises of A. S. Kleinhammer. It is claimed that Mr. Cameron's memory, at the time of the trial of the old suit named, would naturally be better and more reliable than at the time of the present hearing. It appears that these two ditches were constructed principally for mining purposes, but were used also for irrigation. Cantrall, the immediate grantor of A. S. Kleinhammer, who then held a contract to purchase from Cantrall and Kleinhammer, were plaintiffs in the suit against the Sterling Mining Company. These plaintiffs were decreed to be the owners of the Lower Phillips' Ditch and water right, and the owners of an undivided one-half interest in the Upper Phillips' Ditch, and that the mining company was the owner of the other half interest; that plaintiffs were entitled to the prior right to the use of 500 inches of water under a six-inch pressure, through said ditches from the Little Applegate, on their premises for irrigation and domestic purposes, when required therefor, to be turned down the stream past defendant's ditch during the irrigation seasons upon demand of plaintiffs; and the defendant company was enjoined from interfering with such rights.

Andrew Cantrall, a witness for different claimants, testified in part to the effect that he came to the Little Applegate section in 1866; that Sam Phillips and Riley Phillips were partners and owned "the lower place now owned by Arthur Kleinhammer, and were conducting irrigation on the lower Phillips' place,

and were irrigating practically the same amount of land now irrigated by Arthur Kleinhammer, by means of the Upper and Lower Phillips' Ditches, and that the waters were used through said ditches continuously every year from that time until the present; Cantrall stated that he owned and lived on the Riley Phillips' place, immediately above the Sam Phillips' place, from 1881 to 1900 and used the water of Little Applegate from the two Phillips' Ditches for the irrigation of the Riley Phillips' place during that time for approximately the same acreage under irrigation now, except he cleared and added about five or six acres; that one Johnson first took up the Riley Phillips' place not very long after 1866; he did not know exactly when. Cantrall bought the Yeba Harwich land between the Riley Phillips' place and the Sam Phillips' place about 1885 and irrigated it every year until he sold to Kleinhammer, using the Phillips' Ditches.

The statements and proofs of claim of Maggie Buckley, E. J. Cameron, William Cameron (now the property of James Buckley), John Devlin, H. H. Taylor and George Wolf (now owned by Lincoln Gray) shows that their claims for irrigation for their respective properties as herein described is of date 1854, and that of Charles Smith is of date 1858.

D. J. Pearce, a witness for E. J. Cameron, testified that when he came there in 1857 and worked on the Davidson ranch, Doc. Davidson had a large garden, from four to seven acres, which he irrigated and from which he sold produce. The witness went away in 1862 and stayed a year.

"When you first knew the Davidson lands was the Farmer's ditch, the ditch they now call the Farmer's

ditch, constructed then? A. I think not, but I wouldn't say positive."

The testimony of Theodore Cameron shows that the Farmers' Ditch was not built until two or three years after Davidson was irrigating a large market garden in 1854. This would fix the construction of the ditch about 1857. The other testimony does not indicate any earlier date.

1. E. J. Cameron, under the testimony and the stipulation, should be awarded the earliest date of priority, that of 1854 as to those rights which the Circuit Court decreed as prior to A. S. Kleinhammer. See *Cameron* v. *Buckley,* 117 Or. 477 (244 Pac. 662).

The claim of A. S. Kleinhammer to water through the Upper Phillips' Ditch and the Lower Phillips' Ditch, for water for 99½ acres, appears to be on a parity with the other respondents above mentioned, not including Charles Smith's claim, the date of priority of which should remain as fixed, 1858.

In order to make the date of priority of appellant and the respondents (other than E. J. Cameron and Charles Smith) relatively correct, the appellant A. S. Kleinhammer and the respondents last mentioned should be awarded concurrent dates of priority for their several water rights, as of September 1, 1857, and the decree of the Circuit Court, as to these claims, except that of Charles Smith, is therefore modified accordingly, as to read as follows:

Maggie Buckley: Ruch, Oregon, (Proof 912, Vol. 13) Priority September 1, 1857; 3.08 second feet; for irrigation of 154 acres, and stock use; Farmers' ditch; description of place of use; 35 Acres in NE. ¼ NE. ¼; 35 acres in NW. ¼ NE. ¼; 17 acres in SW. ¼ NE. ¼; 17 acres in SE. ¼ NE. ¼; 23 acres in NE. ¼ NW. ¼; 8 acres in SE. ¼ NW. ¼; sec. 33;

5 acres in NW. ¼ NW. ¼; 14 acres in SW. ¼ NW. ¼; Sec. 34 Tp 38 S. R. 3, W. W. M. Jackson County, Oregon.

William Cameron, (whose interests are now owned by respondent James Buckley) Ruch, Oregon (Proof 916, Vol. 13) Priority Sept. 1, 1857, 0.50 second foot; for irrigation of 25 acres and stock use; Farmers' ditch; description of place of use; 20 acres in NE. ¼ SW. ¼; 1 acre in NW. ¼ SW. ¼; 4 acres in SE. ¼ SW. ¼; sec. 3 Tp. 39 S. R. 3 W. W. M. Jackson county, Oregon.

John Devlin, (now owned by J. H. Devlin and Mary Cantral) Ruch, Oregon, (Proof 919, Vol. 13) Priority Sept 1, 1857; 3.60 sec. feet; for irrigation of 180 acres, and stock use; Farmers' ditch (5–12 int.) description of place of use; 23 acres in SW. ¼ NE. ¼; 23 acres in SE. ¼ NE. ¼; 5 acres in SE. ¼ NW. ¼; 40 acres in NE. ¼ SE. ¼; 28 acres in NW. ¼ SE. ¼; 7 acres in SW. ¼ SE. ¼; 20 acres in SE. ¼ SE. ¼; Sec. 33, 17 acres in SW. ¼ NW. ¼; 17 acres in NW. ¼ SW. ¼, sec. 34, Tp. 38 S. R. 3 W. W. M. Jackson county, Oregon.

A. S. Kleinhammer, Buncom, Oregon (Proof 932, Vol. 13) Priority September 1, 1857, 3.49 second feet; for irrigation of 99½ acres; Priority 1898; 0.55 second foot; for irrigation 22 acres; and for domestic and stock use; Upper Phillips and Lower Phillips and Gin Lin ditches; description of place of use; 1½ acres in SE. ¼ SW. ¼; 23 acres in SW. ¼ NW. ¼; 16 acres in SE. ¼ NW. ¼; 1 acre in NW. ¼ SW. ¼; 18½ acres NE. ¼ SW. ¼; 1 acre in NE. ¼ SE. ¼; 8 acres NW. ¼ SE. ¼; 20 acres in SW. ¼ SE. ¼; 18 acres in SE. ¼ SE. ¼ sec. 19; 8 acres in SW. ¼ SW. ¼; sec. 20; 1½ acres in NW. ¼ NW. ¼; 5 acres in NE. ¼; NW.; sec. 29, Tp. 39 S. R. 2 W. W. M. Jackson County, Oregon.

H. H. Taylor; Ruch, Oregon (Proof 940, Vol. 13) Priority Sept. 1, 1857, 0.38 second foot; for irrigation of 19 acres, and domestic and stock use; Farmers ditch; description of place of use; 19 acres in NE. ¼

NE. ¼ sec. 4 Tp. 39 S. R. 3 W. W. M. Jackson County, Oregon.

George Wolf (whose interests now are owned by Lincoln Gray) Ruch, Oregon (Proof 941, Vol. 13) Priority Sept. 1, 1857; 0.20 second foot; for irrigation of 8 acres and stock use; Farmers ditch; description of place of use; 6 acres in SW. ¼ NW. ¼; 2 acres in SE. ¼ NW. ¼ sec. 3 Tp. 39 S. R. 3 W. W. M. Jackson county, Oregon.

2. It is claimed by counsel for the respondent (other than E. J. Cameron) that their water rights were initiated at the same time as the right of E. J. Cameron, and that they are approximately the same and that this is shown by the evidence of Theodore Cameron. With this contention, after a careful reading of the testimony, and a consideration of all the facts and circumstances, we are unable to agree. Prior to the adjudication these earlier water rights were apparently treated and used as coequal. The area of land first irrigated by the several claimants was small. Considerable stress is laid upon the fact that Theodore Cameron stated, in effect, that as he traveled up the creek he noticed that Sam Phillips, a predecessor of A. S. Kleinhammer, was irrigating a garden "at the mouth of Sterling Creek about 1854." This, respondent's contend, was upon his D. L. C. and not upon the land now owned by Kleinhammer. It seems to be unquestioned that Sam Phillips' soon afterward irrigated considerable land now owned by Kleinhammer, taking water through the Upper Phillips' and Lower Phillips' and Gin Lin Ditches. If at that early date he changed the place of the use of water to which he was entitled, it would not have been necessary for him to make any formal

application therefor. We do not deem this point material.

Kleinhammer's date of priority of 1866, it would seem, was taken by the water board in tabulating his right from his first statement and proof of claim No. 932. His other statements Nos. 933 and 934 are not mentioned in order of determination. The decree of the Circuit Court confirmed the former date. *In re Silvies River*, 115 Or. 27, 111 (237 Pac. 332), we held that the statement and proof of claim should be considered with the other evidence.

Under the provisions of the Water Code, Sections 5738, 5739 and 5740, Or. L., as amended by Chapter 283, Gen. Laws of Oregon, 1923 (which amendment does not affect this case), upon the completion of testimony, after notice to the various claimants, all of said evidence shall be open to inspection of the various claimants or owners for not less than ten days.

If any interested party desires to contest any of the rights of the parties who have submitted their proof within fifteen days after the expiration of the period, as fixed in the notice for public inspection, or within such extension of such period not exceeding twenty days, as the state engineer may allow, shall notify the superintendent (now state engineer) in writing, stating the grounds of the contest, a hearing will be had after due notice, at a fixed time and place. The respondents did not avail themselves of such provisions of the Water Code, or make any objection to the statement and proof of claimant A. S. Kleinhammer.

3. Several water users under this stream system had had their appeals herein heard at different dates. As tending to preserve uniformity, all of the matters pertaining to the adjudication of the water rights

under a stream system upon an appeal should be presented at the same time as one case. With the modification indicated above, the decree of the Circuit Court is affirmed. Each of the parties to this appeal will pay his or her own costs in this court.

MODIFIED.

RAND, C. J., and BROWN and BELT JJ., concur.